IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT J. BUCHINA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 00-2004 |
| | ) | |
| BOROUGH OF ELIZABETH, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION

BLOCH, District J.

Presently before the Court is Plaintiff's Motion to Enforce the Consent Judgment and Settlement Order and Confession of Judgment (Doc. #32). For the reasons set forth below, Defendant's motion is denied.

I. **BACKGROUND**

This is a civil rights case in which Plaintiff alleged that the Borough of Elizabeth ("Elizabeth") discriminated against him on the basis of his age. On December 13, 2001, a jury found in favor of Plaintiff. The parties then entered into a Consent Judgment and Settlement Order (Doc. #31) ("Settlement Agreement"), which was signed by the Court on April 17, 2002, and the original judgment was vacated. In his motion, Plaintiff alleges that Elizabeth has defaulted on its obligations under the Settlement

1

Agreement. He seeks payment of $122,837.00 in salary and counsel fees totaling $49,134.00.

II.     **FACTUAL BACKGROUND**

In the Settlement Agreement, the parties agreed that "Buchina shall be given full-time job with the Borough, or any consolidated or merged police force, as a policeman for a period of no less than ten (10) years." Doc. #31, Paragraph 6. The Settlement Agreement contains no provision or procedure regarding disciplinary action against Plaintiff. In addition, the Settlement Agreement does not set forth how the parties were to calculate Plaintiff's salary.[1]

On or about May 15, 2008, Elizabeth terminated Plaintiff after a Loudermill[2] hearing was held.[3] The contract between Elizabeth and Teamsters Local Union No. 205 (the "Collective Bargaining Agreement" or "CBA"), which represents its full-time police officers, states that "[t]he employer retains the right to

---

[1] Yet this omission did not prevent Plaintiff from calculating the amount of his remaining salary.

[2] Procedural due process requires "a pretermination opportunity to respond, coupled with post-termination administrative procedures." Cleveland Bd. of Education v. Loudermill, 470 U.S. 532, 547-48 (1985).

[3] Elizabeth alleges that Plaintiff was fired because of his actions while on duty with regard to an incident involving his wife and the landlord of her restaurant. See Doc. #36, pp. 1-5. As discussed in greater detail below, Elizabeth's alleged reasons for terminating Plaintiff are not relevant to our purposes here. The Court offers no opinion concerning Elizabeth's decision to terminate Plaintiff.

2

suspend and discharge any employee." Exhibit C to Doc. #36. The CBA provides that an employee is entitled to notice and opportunity to be heard before disciplinary action can be taken. The CBA also sets forth a procedure for filing grievances. While the CBA does not include or define a "just cause" standard, the Pennsylvania Borough Code provides that officers may only be suspended or terminated for cause. See 52 Pa. Stat. § 46190 (setting forth six reasons).

Plaintiff appealed his termination based on the terms of the CBA between Elizabeth and Teamsters Local Union No. 205. An arbitration hearing on Plaintiff's grievance occurred on August 21, 2008. Doc. #37, p. 11.

III.    **APPLICABLE LEGAL STANDARD**

Federal common law of contract guides the Court's interpretation of the Settlement Agreement. See, e.g., McRae v. Potter, No. 04-2261, 2006 WL 1644903, at *8 (D.N.J. June 12, 2006). Nevertheless, as the Court relies on basic contract principles, the result would be the same under Pennsylvania law. The elements of a claim for breach of contract are: (1) the existence of a contract including its essential terms; (2) a breach of a duty imposed by the contract; and (3) resultant damages. Ware v. Rodale Press, Inc., 322 F.3d 218, 225-26 (3d Cir. 2003) (diversity action) (quoting CoreStates Bank, N.A. v. Cutillo, 723 A.2d 1053, 1058 (Pa.Super.Ct. 1999).

## IV. DISCUSSION

As Plaintiff points out, "a clear and unambiguous contract provision must be given its plain meaning unless to do so would be contrary to a clearly expressed public policy." Eichelman v. Nationwide Ins. Co., 711 A.2d 1006, 1008 (Pa. 1998) (citation omitted). "To be contrary to public policy, a contract must tend to injure the public or be against the public good . . . ." J.F. v. D.B., 897 A.2d 1261, 1279 (Pa.Super.Ct. 2006) (citation omitted). "It is only when a given policy is so obviously for or against the public health, safety, morals or welfare that there is a virtual unanimity of opinion in regard to it, that a court may constitute itself the voice of the community in so declaring [that a contract is against public policy]." Mamlin v. Genoe, 17 A.2d 407, 409 (Pa. 1941).

Plaintiff argues that in the absence of a provision for discipline the Settlement Agreement entitled him to employment for ten years without regard to how he carried out his duties. The Court declines to interpret the Settlement Agreement in such a broad manner. The Court holds that it would be against public policy to interpret the Settlement Agreement in a manner that would require Elizabeth to employ Buchina without the possibility of carrying out the terms of the CBA or applying the "just cause" standard set forth in the Pennsylvania Borough Code at Section 46190. To hold otherwise would permit a police officer in Plaintiff's situation to

4

engage in misconduct without fear of repercussions from his employer. Such a holding would threaten public health, safety, morals or welfare. On this issue, there must be "a virtual unanimity of opinion."

Finally, the Court declines Plaintiff's invitation to determine whether Plaintiff was in fact terminated for just cause. Whether or not Elizabeth had just cause is irrelevant to the question of interpreting the Settlement Agreement. The question regarding Plaintiff's termination has been put to an arbitrator and is to be resolved pursuant to the CBA and state law. Though the Court need not decide the issue at this time, it may be that the Pennsylvania Borough Code and Elizabeth's contract with the Teamsters created for Plaintiff a property interest in not being terminated without just cause. See, e.g., Dee v. Borough of Dunmore, 549 F.3d 225, 231-32 (3d Cir. 2008). Nevertheless, the Due Process Clause "is not a guarantee against incorrect or ill-advised personnel decisions. Collins v. City of Harker Heights, 503 U.S. 115, 128 (1992). "[D]ue process is flexible and calls for such procedural protections as the particular situation demands." Dykes v. Southeastern Pa. Transp. Authority, 68 F.3d 1564, 1571 (3d Cir. 1995) (quoting Matthews v. Eldridge, 424 U.S. 319, 334 (1976)), cert. denied, 517 U.S. 1142 (1996).[4]

---

[4] To determine what process is constitutionally due, the courts have generally balanced three factors: (1) the private interest that will
(continued...)

It appears to be undisputed that Plaintiff was employed under a collective bargaining agreement that provided for certain grievance procedures. The Third Circuit has stated that:

> the risk of an erroneous determination in the grievance/arbitration procedure is not large, and the value of additional or substitute procedures is not great. Grievance/arbitration procedures are a universally accepted method of resolving employment disputes, included in countless collective bargaining agreements.

Dykes, 68 F.3d at 1571 (citing Armstrong v. Meyers, 964 F.2d 948, 950 (9th Cir. 1992)). In Dykes, the Third Circuit held that "[a] public employer may meet its obligation to provide due process through grievance procedures established in a collective bargaining agreement, provided, of course, that those procedures satisfy due process." Id., (quoting Armstrong, 964 F.2d at 950). This may be the case here, too.

## V. **CONCLUSION**

Based on the foregoing, Plaintiff's Motion to Enforce the Consent Judgment and Settlement Order and Confession of Judgment (Doc. #32) is denied.

---

[4](...continued)
be affected by the official action; (2) the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and (3) the Government's interest. Matthews, 424 U.S. at 334.

6

An appropriate Order will be issued.

_Lanetta F. Andras_
United States District Judge
(For Judge Alan N. Bloch)

Dated: January 29th, 2009

ecf: Counsel of record